**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin V. Flores, | No. CV-09-0945-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County, et al., | |
| Defendant. | |

There are several motions pending in this case. The Phoenix Police Department has filed a motion to dismiss the Phoenix Police Department as a non-jural entity. Dkt. #11. The City of Phoenix filed a motion to dismiss Plaintiff's state law claims. Dkt. #12. The Maricopa County Sheriff's Office ("MCSO") has filed a motion to dismiss MCSO as a non-jural entity. Dkt. #13. The Maricopa County Defendants have also filed a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Dkt. #14. Plaintiff and Defendants stipulated to a dismissal of all state law claims against Defendants Harris and Ross, Plaintiff's negligence claims against all Defendants, and Plaintiff's claims for punitive damages under state law. Dkt. ## 23, 25. This stipulation does not impact Plaintiff's claims against Defendants Harris and Ross under 42 U.S.C. § 1983, Plaintiff's claims for gross negligence against any Defendant subject to Plaintiff's state law claims, and Plaintiff's punitive damages claims under 42 U.S.C. § 1983. *Id.* Finally, Maricopa County filed a motion to dismiss Plaintiff's claims for intentional infliction of emotional distress and false

imprisonment. Dkt. #26. The motions are now fully briefed. As discussed below, the motions will be granted in part and denied in part.[1]

## I. Background.

On February 8, 2008, Defendant Ross stopped Plaintiff because one of his two license plate lights was burned out. Dkt. #1-4 at 9. Plaintiff provided Ross with his Mexican driver's license, documents for the vehicle, and insurance. *Id.* After examining Plaintiff's driver's license, Ross incorrectly determined that it was a forgery. *Id.* at 10. Ross searched Plaintiff's wallet and found a visa in Plaintiff's wallet. *Id.* Despite finding the visa and Plaintiff's protests that the license was valid, Ross arrested Plaintiff for presenting a forged driver's license to a police officer and booked him at the 4th Avenue Jail. *Id.*

While at the jail, a trained MSCO Officer checked the visa and determined that it was valid. *Id.* Nevertheless, Ross wanted to verify this with the Department of Homeland Security, but could not do so because of the time of day. *Id.* Plaintiff was held in custody for seven days until a friend learned of his whereabouts and presented copies of Plaintiff's papers to MSCO. *Id.* Plaintiff's documents and vehicle were eventually returned and the charges against him were dropped. *Id.* at 11. Plaintiff filed this lawsuit alleging violations of 42 U.S.C. § 1983, state law claims for false arrest/false imprisonment, negligence, and intentional infliction of emotional distress, and seeking punitive damages. *Id.* at 13-16.

## II. Motion to dismiss Phoenix Police Department as a non-jural entity.

Defendant City of Phoenix has filed a motion to dismiss the Phoenix Police Department as a non-jural entity. Dkt. #11. Public entities in Arizona are liable for the acts and omissions of employees in accordance with the statutes and common law of the state. *See* A.R.S. § 12-820, 1984 Laws Ch. 285, § 1 (recognizing that the purpose of A.R.S. § 12-820 *et seq.* is to abrogate traditional sovereign immunity with respect to public entities). A

---

[1] The requests for oral argument are denied. The parties have fully briefed the issues and oral argument will not aid the Court's decision or result in unfair prejudice. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991); *see also* Fed. R. Civ. P. 78.

public entity is defined as "this state and any political subdivision of this state." A.R.S. § 12-820. Cities "are political subdivisions of the state." *City of Tucson v. Fleischman*, 731 P.2d 634, 637 (Ariz. Ct. App. 1984). It is undisputed that the City of Phoenix is a public entity subject to suit.

Plaintiff argues that the Phoenix Police Department is also a political subdivision subject to suit under the test established in *McClanahan v. Cochise College*, 540 P.2d 744 (Ariz. Ct. App. 1975). Dkt. #16 at 3. *McClanahan* states that "[t]he attributes which are generally regarded as distinctive of a political subdivision are that it exists for the purpose of discharging some function of local government, that it has a prescribed area, and that it possesses authority for a subordinate self-government by officers selected by it." *Id*. at 747. The Police Department satisfies each of these criteria, but so do many offices within city government.[2] Plaintiff's argument would suggest that many parts of the City's operation constitute separate political subdivisions subject to suit. The Court cannot agree with so broad a proposition, particularly when *McClanahan* did not concern whether an entity is subject to suit. Neither the Arizona legislature nor the City has stated that the Police Department is a separate jural entity.

Consistent with previous decisions, the Court concludes that the Phoenix Police Department is a subpart of the City of Phoenix, not a separate entity for purposes of suit. *See Gotbaum v. City of Phoenix*, No. CV-08-0937-PHX-DGC, 2008 WL 4628675 (D. Ariz. Oct. 17, 2008) (dismissing the City of Phoenix Police Department because it is not a jural entity). Other cases support this conclusion. *See Pierre v. Schlemmer*, 932 F. Supp. 278, 280 (M.D. Fla. 1996) ("'Where a police department is an integral part of the city government as the vehicle through which the city government fulfills it policing functions, it is not an entity subject to suit.'") (citation omitted); *Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842,

---

[2]Plaintiff also cites the large annual budget and staffing to suggest that the Police Department is a separate political subdivision. But Plaintiff cites no authority where the size of budget and staff was relevant to the determination of a political subdivision subject to suit.

844 (E.D. Tex. 1996) (sheriff's department was not a proper party to the suit because the county had not expressly "'grant[ed] the servient agency with jural authority'") (citation omitted); *Sullivan v. Chastain*, No. Civ.A.SA04CA0803XR, 2005 WL 354032, at *2 (W.D. Tex. Jan. 4, 2005) (dismissing the City of Bandera Police Department because "an entity without a separate jural existence is not subject to suit"); *see also Del Tufo v. Twp. of Old Bridge*, 650 A.2d 1044, 1046 n.1 (N.J. Super. Ct. App. Div. 1995) ("'Old Bridge Township Police Department' is probably not a jural entity and is therefore probably not subject to suit in its own name.").

## III. Motion to dismiss state law claims.

Most of the City's motion to dismiss state law claims has been resolved by the stipulation. The only remaining issue is whether Plaintiff fails to state a claim for false arrest/false imprisonment. Dkt. ## 12 at 6, 24 at 1. The City argues that it is immune from this claim because the complaint does not allege that the City knew of some purported propensity for Detective Ross to make false arrests. *Id.* (citing A.R.S. § 12-820.05(B)). A.R.S. § 12-820.05(B) prohibits public entity liability for "losses that arise out of and are directly attributable to an act or omission determined by a court to be a criminal felony by a public employee unless the public entity knew of the public employee's propensity for that action." A.R.S. § 12-820.05(B).

Plaintiff argues that the he is not required to demonstrate propensity because the common law did not require a showing of propensity before allowing liability against a public entity, and the liability-limiting statute, A.R.S. § 12-820.05(A), states that the statute does not "'affect, alter or otherwise modify any other rules of tort immunity regarding public entities . . . as developed at common law.'" Dkt. #17 at 3 (citing A.R.S. § 12-820.05(A)). In fact, the statute states that "*[e]xcept as specifically provided in this article*, this article shall not be construed to affect, alter or otherwise modify any other rules of tort immunity regarding public entities . . . as developed at common law." A.R.S. § 12-820.05(A) (emphasis added). The statute thus specifically provides for a modification of public entity

- 4 -

common law where provided in the statute. Plaintiff's argument that he is not required to demonstrate propensity is unavailing.

Plaintiff also argues that his false arrest/false imprisonment claim should not be dismissed because Defendant Ross's act could be a class 1 misdemeanor rather than a felony as Plaintiff was voluntarily released in a safe place without physical injury prior to Defendants' arrest. Dkt. #17 at 4; A.R.S. § 13-1303(C) (stating that unlawful imprisonment is a class 1 misdemeanor if "the victim is released voluntarily by the defendant without physical injury in a safe place prior to arrest"). If Ross's conduct did not constitute a felony, A.R.S. § 12-820(B) does not limit the City's liability. The City, by contrast, interprets the term "arrest" to refer to the arrest of Plaintiff, not Defendants, and argues that Plaintiff was not released voluntarily prior to his arrest because he was arrested and then held for seven days. Dkt. #24 at 3. The parties cite no case law in support of their respective readings of the statute, and the Court has found none. The Court finds the statute to be ambiguous and concludes that this issue should be decided after more thorough briefing by the parties in the context of a motion for summary judgment. The motion to dismiss will therefore be denied on this issue.

**IV.    Motion to dismiss MCSO as non-jural entity.**

Defendants have filed a motion to dismiss MCSO as a non-jural entity. This Court has previously held that MCSO is not a jural entity subject to suit. *See Wilson v. Maricopa County*, No. CV04-2873-PHX-DGC, 2005 WL 3054051 (D. Ariz. Nov. 15, 2005). That holding applies fully to this case.

**V.    Motion to dismiss false arrest/imprisonment and intentional infliction claims.**

Defendant Maricopa County has filed a motion to dismiss Plaintiff's claims for false arrest/false imprisonment and intentional infliction of emotional distress. Dkt. #26. Defendant asserts substantially the same arguments made by the City of Phoenix in its motion to dismiss – that Defendant Ross's conduct constitutes a felony and Maricopa County is immune from liability for losses arising out of criminal felonies by public employees unless the county knew of the employee's propensity for the action. *Id.*; A.R.S. § 12-

820.05(B). As discussed above, the Court cannot determine at this time that Defendant Ross's conduct constituted a felony. Further briefing will be required at the summary judgment stage on the meaning of the statute and its application to this case. The motion to dismiss will be denied on this issue.

**VI. Motion for a more definite statement.**

The Maricopa County Defendants have filed a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Dkt. #14. Defendants argue that Plaintiff fails to allege any comprehensible facts supporting his claims against the Maricopa County Defendants and that this lack of facts deprives Defendants of the ability to file a motion to dismiss based on qualified immunity and other defenses. *Id.* Plaintiff contends that the Complaint meets the notice pleading standard of Rule 8 and that this Rule 12(e) motion is really a substitute for discovery. Dkt. #19.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Plaintiff alleges that he was held by MCSO for seven days despite the fact that he provided valid documents showing he was legally present in the state. Dkt. #1-4 at 10. A complaint in federal court need not include great detail – only a "'short and plain statement' . . . that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, et al.*, 507 U.S. 163, 168 (1993) (quoting Fed. R. Civ. P. 8(a)). Plaintiff's Complaint is sufficient under Rule 8 to provide notice to the Maricopa County Defendants of the claims against them.

Rule 12(e) allows the Court to grant a motion for a more definite statement where a pleading is so vague or ambiguous that the party cannot reasonably prepare a response. Rule 12(e) motions are "'ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail, and if the requirements of the general rule as to pleadings are satisfied and the opposing party is fairly notified of the nature of the claim, such motion is inappropriate.'" *Castillo v. Norton*, 219 F.R.D. 155, 163 (D. Ariz. 2003)

(quoting *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 414-15 (D. Or. 2002)).   Rule 12(e) is "'not to be used to assist in getting facts in preparation for trial as such; other rules relating to discovery . . . exist for such purposes.'"  *Id.*  Because Plaintiff has provided sufficient detail to meet the Rule 8 notice pleading requirement, Defendants have sufficient information to prepare a response.  *See Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1055 (9th Cir. 2005) (holding that there is no heightened pleading standard in § 1983 actions alleging public entity liability).  If Defendants seek more information in preparing a qualified immunity defense, they can readily obtain it through discovery.

**IT IS ORDERED:**

1.     Defendant Phoenix Police Department's motion to dismiss the Phoenix Police Department as a non-jural entity (Dkt. #11) is **granted**.

2.     Defendant City of Phoenix's motion to dismiss Plaintiff's remaining state law claim (Dkt. #12) is **denied**.

3.     Defendant Maricopa County Sheriff's Office's motion to dismiss the Maricopa County Sheriff's Office as a non-jural entity (Dkt. #13) is **granted**.

4.     Maricopa County Defendants' motion to dismiss Plaintiff's false arrest/false imprisonment and intentional infliction of emotional distress claims (Dkt. #26) is **denied**.

5.     Maricopa County Defendants' motion for a more definite statement (Dkt. #14) is **denied**.

DATED this 17th day of July, 2009.

_David G. Campbell_
David G. Campbell
United States District Judge